IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY W. BAKER,

        Plaintiff,                      No. 2:12-cv-0553-KJM-JFM (PC)

   vs.

MARSH, *et al.*,

        Defendants.              ORDER

_____/

        Plaintiff is a former state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

2

succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.

Furthermore, plaintiff is cautioned that claims brought against officials who review plaintiff's grievance cannot form the basis for a § 1983 action. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal. 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983). Prisoners do, however, retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment.

Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory

1  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
2  Regents, 673 F.2d 266, 268 (9th Cir. 1982).
3       In addition, plaintiff is informed that the court cannot refer to a prior pleading in
4  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
5  complaint be complete in itself without reference to any prior pleading.  This is because, as a
6  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
7  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
8  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
9  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
10      In accordance with the above, IT IS HEREBY ORDERED that:
11      1. Plaintiff's request for leave to proceed in forma pauperis is granted.
12      2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
13  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
14  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
15  Director of the California Department of Corrections and Rehabilitation filed concurrently
16  herewith.
17      3. Plaintiff's complaint is dismissed.
18      4. Within thirty days from the date of this order, plaintiff shall complete the
19  attached Notice of Amendment and submit the following documents to the court:
20          a. The completed Notice of Amendment; and
21          b. An original and one copy of the Amended Complaint.
22  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
23  Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must
24  bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to
25  /////
26  /////

file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: July 9, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/014;bake0553.14new.jfm

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY W. BAKER,

        Plaintiff,               No. 2:12-cv-0553-KJM-JFM (PC)

    vs.

MARSH, *et al.*,

        Defendants.        <u>NOTICE OF AMENDMENT</u>

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____      Amended Complaint

DATED:

                                                        Plaintiff